Siguencia-Llamuca v. Blanche

BIA
Perl, IJ
A220 574 890
A220 969 876/877

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-six.

PRESENT:
JON O. NEWMAN,
JOSÉ A. CABRANES,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

HOLGER LEONEL SIGUENCIA-LLAMUCA, JOHANNA BEATRIZ LEMA-PUMAQUERO, IAN LEONEL SIGUENCIA-LEMA,
*Petitioners,*

v.

23-7757
NAC

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONERS:       Michael Borja, Borja Law Firm, P.C., Jackson
                       Heights, NY.

FOR RESPONDENT:        Brian M. Boynton, Principal Deputy Assistant
                       Attorney General; Holly M. Smith, Assistant
                       Director; Sarah K. Pergolizzi, Senior
                       Litigation Counsel, Office of Immigration
                       Litigation, Civil Division, United States
                       Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Holger Leonel Siguencia-Llamuca, Johanna Beatriz Lema-Pumaquero, and their minor child, natives and citizens of Ecuador, seek review of a November 1, 2023, decision of the BIA affirming a November 15, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Holger Leonel Siguencia-Llamuca, et al.*, Nos. A220 574 890, A220 969 876/877 (B.I.A. Nov. 1, 2023), *aff'g* Nos. A220 574 890, A220 969 876/877 (Immig. Ct. N.Y. City Nov. 15, 2022). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

We have reviewed "the judgment of the IJ as modified by the BIA's decision," minus the grounds the BIA did not reach. *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding, including a determination of whether there is a nexus between the alleged persecution and a protected ground, under the substantial evidence standard. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, Petitioners had to show past persecution or a fear of future persecution and that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). Contrary to Petitioners' argument here, this "one central reason" standard applies to both asylum and withholding of removal. *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). The protected ground

3

"cannot be a minor, incidental, or tangential reason for the harm." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

Absent past persecution, Petitioners must show a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b), (b)(2). An applicant can establish a well-founded fear either by showing (1) a reasonable possibility that he would be "singled out individually for persecution" or (2) a "pattern or practice" of persecution of a group of "persons similarly situated to the applicant." *Id.* § 1208.13(b)(2)(iii); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining a pattern or practice of persecution as the "systemic or pervasive" persecution of a group). A fear is not objectively reasonable if it lacks "solid support in the record" and is only "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

For CAT relief, an applicant must show that he "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021)

4

(quotation marks omitted); *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).

Petitioners have abandoned their claims by not properly challenging the agency's denial of relief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Their challenge to the agency's nexus findings consists of two conclusory sentences that do not cite facts or law to support their argument. This is insufficient to preserve review of the nexus determination. *See* Fed. R. App. P. 28(a)(8) (requiring that an appellant's brief contain arguments "with citations to the authorities and parts of the record on which the appellant relies"); *Yueqing Zhang*, 426 F.3d at 545 n.7 (deeming claim abandoned where petitioner "devote[d] only a single conclusory sentence to the argument"). Similarly, Petitioners have abandoned their CAT claim because they do not identify why torture is likely. *See Debique*, 58 F.4th at 684; *Garcia-Aranda*, 53 F.4th at 758–759 (explaining that a CAT claim is a "two-step inquiry" that requires an applicant establish that torture is "more likely than not" and that there will be "sufficient state action"). Moreover, the brief misstates the facts and law, such as erroneously stating that asylum was denied as time-barred, and it uses language

identical to that in other briefs filed by counsel Michael Borja to make unsupported factual allegations that misconstrue the record, e.g., stating that the record shows that Petitioners were "savagely beaten multiple times."

Finally, counsel raises arguments that we have rejected in some of his prior cases. He erroneously argues that the nexus requirement for withholding of removal is less stringent than that for asylum. *See, e.g.*, *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *1 (2d Cir. Sept. 30, 2025) (summary order). As explained above, this is a misstatement of law. *See Quituizaca*, 52 F.4th 103 at 105–06. He additionally reiterates an unsupported argument that a CAT applicant does not have to show that the Ecuadorian government would likely condone or acquiesce to torture. This conclusory statement is contrary to the regulations and has been rejected in prior cases. *See* 8 C.F.R. § 1208.18(a)(1); *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order); *Ortega-Garcia v. Bondi*, No. 23-7162, 2025 WL 2504616, at *2 (2d Cir. Sept. 2, 2025) (summary order).

Given the defects in briefing by Petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel.

6

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court